FILED
2006 Jul-28  PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN SANDEFUR, et al., | } | |
| | } | |
| Plaintiffs, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 06-AR-1192-S |
| | } | |
| CBW ENTERPRISES, INC., | } | |
| | } | |
| Defendant. | } | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

The above-entitled case was removed to this court by defendant, CBW Enterprises, Inc. ("CBW"), from the Circuit Court of Jefferson County, Alabama, where it had been filed by plaintiffs, John Sandefur ("Sandefur") and Alpin Systems, LLC ("Alpin").  CBW invoked the jurisdiction of this court based on its allegation that the parties have diverse citizenship and that the amount in controversy exceeds $75,000.  CBW immediately answered the complaint.  Its answer included a demand for the arbitration called for by the franchise agreement that Sandefur and Alpin had sought to have declared void *ab initio*.  Sandefur and Alpin did not at that time deny the existence of subject-matter jurisdiction under 28 U.S.C. §1332.  Instead, they disputed CBW's right to compulsory arbitration.  That issue was presented by CBW's motion for summary judgment which was set for hearing.

At the hearing on the said motion, the court expressed doubt about the existence of the requisite jurisdictional amount which,

according to *Erickson G.E. Mobile Communication v. Motorola Communications and Electronics*, 120 F.3d 216 (11th Cir. 1997), must be determined from the perspective of the plaintiffs.  In response to the court's questions, the court was led to believe that plaintiffs had no intention to continue in business and that the only object of their suit was to be relieved of any possible obligation for accrued franchise royalty payments to CBW. According to CBW's notice of removal, that sum is far less than $75,000.  Future royalties would be zero if plaintiffs are out of business.  Neither side furnished the court with a copy of the franchise agreement, and no mention was made of a non-compete agreement.  The court asked the parties to brief the jurisdictional question, and they have done so.

It now appears for the first time that the franchise agreement contains a non-compete provision, and that plaintiffs are engaged in a competing enterprise.  On these newly understood facts, the amount in controversy exceeds $75,000, because, if successful in their suit, plaintiffs will escape liability for what otherwise may constitute a violation of that non-compete agreement.

The court has jurisdiction to decide the arbitrability question and will do so in short order.

2

DONE this 28th day of July, 2006.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE