```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION

JOHN SANDEFUR, et al.,      }
                            }
     Plaintiffs,            }
                            }     CIVIL ACTION NO.
v.                          }     06-AR-1192-S
                            }
CBW ENTERPRISES, INC.,      }
                            }
     Defendant.             }
```

**MEMORANDUM OPINION**

The court having found that the above-entitled case was properly removed to this court, the court now considers defendant's motion invoking Rules 12(b)(b) and 56, F.R.Civ.P., seeking to enforce an arbitration agreement. Plaintiffs argue that the entire franchise agreement, which includes the arbitration agreement, was void *ab initio*. This contention constitutes the entire thrust of plaintiffs' complaint for declaratory relief.

The court need not decide whether the law of Alabama or the law of Michigan applies to the formation of and the effect of the contract. Under the circumstances, the controlling law is **federal** law, namely, the Federal Arbitration Act ("FAA") (9 U.S.C. §§1-16). The answer to the question of whether this particular arbitration clause is enforceable is not found in the law of Alabama or the law of Michigan. It is found in the most recent apposite decision of the Eleventh Circuit.

In this case, the parties executed a written agreement that

contains a clause expressly and unambiguously requiring them to submit to binding arbitration any and all disputes, employing the rules of the American Arbitration Association ("AAA").  The AAA rules provide that the question of arbitrability will be decided by the arbitrator.  In *Terminix Int'l v. Palmer Ranch LTD Partnership*, 432 F.3d 1327, 1332 (11th Cir. 2005), the Eleventh Circuit recognized that the parties can borrow the AAA rules and be bound by them in this respect.  The strong public policy recognized by the FAA would not be served in this case by ignoring the parties' clear agreement to be bound by the AAA rules.

    A separate appropriate order compelling arbitration will be entered.

    DONE this 31st day of July, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE